### HAMMOND v. COCKLE.

*Demurrer — joinder of causes of action — Cause of action.*

A complaint set forth that H. made a deed of certain premises to L., his wife, to take effect on his death; that afterward, by agreement between H. and L., the deed was rescinded; that L. died and H. married plaintiff; that H. died leaving a will whereby the premises were devised to the children of L., who were the defendants, and plaintiff jointly; that defendants obtained possession of the premises, and having altered the date of the acknowledgment caused the deed from H. to L. to be recorded and claimed to hold the premises as heirs of L., and the complaint asked that the deed be set aside, the premises partitioned, and plaintiff's dower set off to her.

*Held,* that a demurrer would not lie, on the ground that the complaint stated three causes of action. It did not state three causes, but one cause, in which plaintiff might be entitled to three kinds of relief upon the same facts.

APPEAL by defendant from an order at the special term overruling a demurrer to the complaint.

The action was brought in Erie county by Ann Eliza Hammond against Mary T. Cockle and others to set aside a deed, and for other relief. The necessary facts appear in the opinion.

*Humphrey & Lockwood,* for appellants, cited *Dewey* v. *Ward,* 12 How. 419; *Sweet* v. *Ingerson,* id. 331; *Hulce* v. *Thompson,* 9 id. 113; *Maxwell* v. *Farnam,* 7 id. 236; *Varick* v. *Smith,* 5 Paige, 137.

*Abram Thorn,* for respondent.

MULLIN, P. J. The complaint in this case alleges the making by Siphorus Hammond in his life-time of a deed of certain premises therein described to Lavina Hammond, his then wife; the delivery of the same to take effect only on his death; the rescission of the said arrangement by mutual agreement of the parties; that said Hammond made provision for his said wife by will; the death of the said Lavina; his marriage to the present plaintiff, and the making of another will, devising to her one undivided fourth part of the said premises, and the residue to the defendants; his death, proof of said will, and that the defendants having obtained possession of said deed so executed in favor of his first wife, caused the date

of the acknowledgment to be altered and then put it on record, and now claim to own said premises in fee as heirs of the said first wife. The prayer for relief is that said deed be set aside, the premises partitioned, and the widow's dower set off to her.

The defendants demur because of the joinder of three distinct causes of action not arising out of the same transaction or connected with the same subject-matter. The demurrer was overruled and defendants allowed twenty days to answer.

The complaint does not contain three distinct and independent causes of action. It presents a case in which the plaintiff is or may be entitled to three kinds of relief upon the same state of facts.

A court of equity having obtained jurisdiction of a cause would grant such relief as the parties showed themselves to be entitled to, and for that purpose would entertain jurisdiction of cases which appropriately belonged to courts of law in order to avoid multiplicity of suits.

The court at the trial will determine how much of the relief demanded can properly be granted; that question is not before us on this demurrer. The order must be affirmed with leave to defendants to answer on payment of costs.

*Order affirmed.*